Attorneys for Plaintiff :

       Brett Freeman: Bar Number PA 308834
       Sabatini Law Firm, LLC
       216 N. Blakely St.
       Dunmore, PA  18512
       Phone (570) 341-9000
       Facsimile (570) 504-2769
       Email bfecf@bankruptcypa.com

       John Goolsby: Bar Number MN 0320201
       Goolsby Law Office, LLC
       2701 University Ave SE, Suite 209
       Minneapolis, MN 55414
       Phone (612) 331-8700
       Email jgoolsby@goolsbylawoffice.com
       (Admitted Pro Hac Vice)

Attorneys for Defendant Equifax Information Services LLC:

       K. Ann Broussard
       KING & SPALDING LLP
       1180 Peachtree Street, N.E.
       Atlanta, Georgia  30309
       Phone:  (404) 215-5725
       Fax:  (404) 572-5100
       Email:  ABroussard@kslaw.com

       John C. McNamara
       PA Atty I.D. No. 17875
       Christie, Pabarue, Mortensen and Young
       A Professional Corporation
       1880 JFK Blvd. - 10th Floor
       Philadelphia, PA 19103
       Phone:  215 587 1663
       Fax: 215 587 1699
       Email:  jcmcnamara@cpmy.com

Attorneys for Defendant Experian Information Solutions, Inc.:

> David M. Belczyk
> Jones Day
> 500 Grant Street
> Suite 4500
> Pittsburgh, PA 15219
> 412-394-9533
> dbelczyk@jonesday.com
> (Admitted Pro Hac Vice)

Attorneys for Defendant Trans Union, LLC:

> Robert J. Schuckit, Esq. (IN #15342-49)
> Richard W. Barrett, Esq. (IN #29149-64)
> Schuckit & Associates, P.C.
> 4545 Northwestern Drive
> Zionsville, IN  46077
> Telephone:  317-363-2400
> E-Mail:  rschuckit@schuckitlaw.com
>                rbarrett@schuckitlaw.com

Attorneys for Defendant NRA Group LLC:

> Andrew M. Schwartz
> MARSHALL, DENNHEY, WARNER, COLEMAN AND GOGGIN
> 1845 Walnut Street
> Philadelphia, PA 19103-4797
> Phone:  215-575-2765
> Fax: 215-575-0856
> Email: amschwartz@mdwcg.com

> Ronald M. Metcho
> MARSHALL, DENNHEY, WARNER, COLEMAN AND GOGGIN
> 1845 Walnut Street
> Philadelphia, PA 19103-4797
> Phone:  215-575-2595
> Fax: 215-575-0856
> Email: rmmetcho@mdwcg.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Carlie A. Craven,<br>                    Plaintiff<br>        vs.<br><br>Equifax Information Services LLC,<br>Experian Information Solutions, Inc.,<br>Trans Union, LLC, and NRA Group<br>LLC d/b/a/ National Recovery Agency,<br>                    Defendants | Docket 3:12-cv-00703-WJN<br><br>(JUDGE WILLIAM J. NEALON)<br><br><br><br><br>FILED ELECTRONICALLY |

## PROPOSED JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

1.1     Separately for each party, please give a statement summarizing this case:

By Plaintiff:  Defendants violated the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* ("FCRA") by failing to conduct reasonable investigations after Plaintiff disputed inaccurate information that was in her consumer report. Additionally, Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC violated the FCRA by failing to maintain procedures to ensure maximum possible accuracy of Plaintiff's consumer report. Defendant NRA Group, LLC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by placing telephone calls to Plaintiff's cellular telephone using an artificial voice, a pre-recorded voice, or an automatic telephone dialing system without her prior express consent. Defendant NRA Group, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, when it improperly reported, and repeatedly

verified, a debt allegedly owed by Plaintiff ("the Debt"), when, in fact, Plaintiff's insurance company had already paid the Debt.

By Equifax Information Services LLC: Equifax is a consumer reporting agency, as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.*, and is regularly engaged in the preparation of consumer reports as defined by § 1681a(f). Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers.

Upon information and belief, Equifax accurately reported credit information with regard to the Plaintiff concerning the NRA Group tradeline. Equifax investigated Plaintiff's disputes concerning the NRA Group tradeline as required by the FCRA and notified the furnisher of the information of Plaintiff's disputes. In response to each dispute, NRA verified the accuracy of the reporting and Equifax timely reported the results of those reinvestigations to Plaintiff.

Except as admitted in Equifax's Answer to Plaintiff's Complaint, Equifax denies each and every allegation of Plaintiff's Complaint as those allegations pertain to Equifax. Even if Plaintiff has suffered any compensable damages, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

Equifax has not completed its investigation concerning the facts and circumstances surrounding this case and this statement of facts and defenses is based on facts currently known to Equifax. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

By Defendant Experian Information Solutions, Inc.: Experian undertakes extensive efforts, at great expense, to ensure the most accurate credit reporting possible. Experian does so not only to protect consumers but also to ensure the reliability and marketability of its product. In doing so, Experian complies with the FCRA, which requires only that a credit reporting agency follow reasonable procedures to assure maximum possible accuracy in connection with the preparation of credit reports. Experian applied its reasonable procedures to the maintenance of Plaintiff's credit report, and therefore Experian continues to deny any and all liability.

Experian further denies that Plaintiff was damaged as a result an Experian credit report.

<u>By Defendant Trans Union, LLC</u>: Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Additionally, Trans Union properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. Further, Trans Union was accurately reporting Plaintiff's National Recovery Agency (NRA) account at all times relevant. Accordingly, any damages Plaintiff may have sustained could not have been caused by Trans Union.

<u>By Defendant NRA Group LLC</u>:

Defendant NRA Group, LLC, ("NRA") denies violating the TCPA, the FDCPA or the FCRA with respect to the Plaintiff. NRA received several disputes through the credit bureaus and conducted an appropriate investigation of the disputes by contacting the creditor, Moses Taylor Hospital ("Creditor"). The Creditor confirmed,through its billing records, that the subject debt was not paid prior and NRA relied on the information in the course of its investigations. A reasonable investigation of a dispute under 15 U.S.C. §1681s-2(b) requires that a debt collector confer with the Creditor, including review of the billing records to confirm the accuracy of the debt. NRA did precisely this. Additionally, NRA marked its tradeline for the debt as disputed in full compliance with 15 U.S.C. §1692e(8). NRA denies violating Section 1692d, 1692e, or 1692f of the FDCPA as NRA did not engage in any deceptive, misleading, harassing or oppresive conduct with respect to Plaintiff. Finally, NRA was provided with Plaintiff's cellular telephone number by Plaintiff with instructions to call the number. Therefore, Plaintiff's written consent to contact her at the telephone number provided on her letterhead in her July 13, 2011 letter and, again, in her October 19, 2011 letter undermine her claims under the TCPA.

The facts the parties <u>dispute/agree</u> are as follows:

At this time, discovery has not begun.  the parties are pursuing informal discovery and will consider any factual stipulations upon the completion of some formal and/or informal discovery.

1.3     The legal issues the parties dispute/agree are as follows:

At this time, discovery has not begun.  the parties are pursuing informal discovery and will consider any legal stipulations upon the completion of some formal and/or informal discovery.

1.4     Identify any unresolved issues as to service of process, personal

jurisdiction, subject matter jurisdiction, or venue:

None at this time pending further discovery.

1.5     Identify any named parties that have not yet been served:

None.

1.6     Identify any additional parties that:

plaintiff(s) intends to join:  None at this time pending further discovery.

defendant(s) intends to join: None at this time pending further discovery.

1.7     Identify any additional claims that:

plaintiff(s) intends to add:  None at this time pending further disovery.

defendant(s) intends to add: None at this time pending further discovery.

**2.0    Disclosures**

      The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Carlie Craven | Plaintiff |

Disclosed by <u>Equifax Information Services LLC</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Vicki Banks | Senior Consumer Relations Specialist |

Disclosed by <u>Defendant Experian Information Solutions, Inc.</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| _____ | Corporate Designee |

Disclosed by <u>Defendant Trans Union, LLC</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Steven L. Newnom | Team Leader |
| Lynn Romanowski | Sr. Project Analyst |
| William Stockdale | Vice President, Data Acquisition Services |

Disclosed by <u>Defendant NRA Group LLC</u>:

<u>Name</u>                              <u>Title/Position</u>

Authorized Representative of Moses Taylor Hospital's Billing
Department

## 3.0   Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant
effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>          <u>Moving Party</u>          <u>Anticipated Filing Date</u>

## 4.0   Discovery

4.1   Briefly describe any discovery that has been completed or is in
progress:

By Plaintiff(s):  None

By Defendant(s):  Trans Union served its Initial Disclosures,
First Set Of Interrogatories, First Request For Production Of
Documents, and First Set Of Requests For Admission on Plaintiff on
June 11, 2012. Plaintiff does not stipulate or otherwise consent to any
departure from Fed. R. Civ. P. 26(d)(1).

4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted,
indicating for each discovery undertaking its purpose or what kinds of
information will be developed through it (e.g., "plaintiff will depose
Mr. Jones, defendant's controller, to learn what defendant's revenue
recognition policies were and how they were applied to the kinds of
contracts in this case"):

The parties intend to take depositions of the other parties and
any other witnesses that may be identified in the course of
discovery, and to serve written discovery requests. The parties
reserve their rights to seek additional discovery.

4.3     Describe any <u>discovery</u> that one or more parties want(s) to conduct but to <u>which another party objects,</u> indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

        None currently identified.

4.4     Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

        None currently identified.

4.5     For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1   depositions (excluding experts) to be taken by:

        Plaintiff(s):  **10 on each party**
        Defendant(s):  **10 by each party on each party**

    4.5.2   interrogatories to be served by:

        Plaintiff(s):  **30 on each party**
        Defendant(s):  **30 by each party on each party**

    4.5.3   document production requests to be served by:

        Plaintiff(s):  **40 on each party**
        Defendant(s):  **40 by each party on each party**

    4.5.4   requests for admission to be served by:

        Plaintiff(s):  **40 on each party**
        Defendant(s):  **40 by each party on each party**

4.6     Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in
M.D. Pa LR 26.1 and that they are in agreement about how those matters will
be addressed in discovery.

The parties have agreed to produce any electronically stored information in
hard copy or in pdf form as an initial matter.  Once the parties have had the
opportunity to review such documents, the parties agree, if necessary, to confer
between themselves regarding any additional exchange or production that either
party believes necessary.

☐ Counsel certify that they have conferred about the matters addressed in
M.D. Pa. LR 26.1 and that they are in agreement about how those matters will
be addressed in discovery with the following exceptions:

**5.0     Protective Order**

5.1     If entry of a protective order is sought, attach to this statement a copy
of the proposed order. Include a statement justifying the propriety of such a
protective order under existing Third Circuit precedent.

The parties agree that this case may involve confidential information.  The
parties will attempt to reach an agreement on a proposed protective order to submit
to the Court.

5.2     If there is a dispute about whether a protective order should be entered,
or about certain terms of the proposed order, briefly summarize each party's
position below:

**6.0     Scheduling**

6.1     Final date for joining additional parties:

       September 4, 2012  Plaintiff(s)

       September 17, 2012  Defendant(s)

6.2     Final date for amending pleadings:

       September 4, 2012 Plaintiff(s)

       September 17, 2012  Defendant(s)

6.3     All fact discovery commenced in time to be completed by:

       June 3, 2013

6.4     All potentially dispositive motions should be filed by:

       August 1, 2013

6.5     Reports from retained experts due:

from plaintiff(s) by April 1, 2013

from defendant(s) by May 1, 2013.

6.6     Supplementations due in accordance with Federal Rule of Civil
Procedure 26(e).

6.7     All expert discovery commenced in time to be completed by June 1,
2013

6.8     This case may be appropriate for trial in approximately:

    __    240 Days from the filing of the action in this court
    __    365 Days from the filing of the action in this court
   X    570 Days from the filing of the action in this court

6.9     Suggested date for the final Pretrial Conference:

October, 2013 (month/year)

6.10   Trial

6.10.1 Suggested Date for the Trial:

November, 2013 (month/year)

## 7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff, Carlie Craven:

Carlie Craven
Name

Plaintiff
Title

120 Bosarvey Dr., Ormond, Beach FL 32176
Address

(570) 561-7184  Daytime Telephone


For Defendant Equifax Information Services LLC:

Vicki Banks
Name

Senior Consumer Relations Specialist
Title

1550 Peachtree Street, Atlanta, Georgia  30309
Address

Ms. Banks may be contacted through counsel  Daytime Telephone

For Defendant Experian Information Solutions, Inc.:

> David M. Belczyk
> Jones Day
> 500 Grant Street
> Suite 4500
> Pittsburgh, PA 15219
> 412-394-9533
> dbelczyk@jonesday.com
> (Admitted Pro Hac Vice)

> Experian will provide Mr. Belczyk with such authority after Plaintiff has provided a demand and adequate discovery has been pursued.

For Defendant Trans Union, LLC:

> Daniel Halvorsen, Esq.
> Name

> Senior Attorney
> Title

> c/o Counsel for Trans Union
> Address

> c/o Counsel for Trans Union
> Daytime Telephone

For Defendant NRA Group LLC:

> Ashley Chille, Esq.
> Name

> Corporate Counsel for NRA
> Title

> 2491 Paxton Street, Harrisburg, PA 17111
> Address

<u>May be contacted through counsel</u>  Daytime Telephone

**8.0     Alternative Dispute Resolution ("ADR")**

    8.1     Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure_____

        Date ADR to be commenced_____

        Date ADR to be completed_____

    8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

        (Trans Union) A settlement conference with a Magistrate Judge may be beneficial after some initial discovery. Parties will confer and discuss the necessity of a settlement conference at the request of any party.

    8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0     Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
      _____Y   _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____   Scranton/Wilkes-Barre

_____   Harrisburg

## 10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.1 Modifications from Discovery Rules:

10.1.1   Before noticing any deposition, counsel shall contact all counsel of record to determine mutually convenient times, dates and locations. If opposing counsel has not provided this information within 5 business days of request, the deposition may be noticed unilaterally.

10.1.2   Upon request, a party will email to opposing counsel a Microsoft Word formatted copy of any discovery requests.

10.1.3   The parties do not consent to electronic service of discovery by email to counsel's address in the signature block at the end of this document. Any discovery so served must be electronically signed, and only one copy of the discovery need be sent.

## 11.0   Identification of Lead Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request. Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

    For Plaintiff:

    Brett Freeman
    Bar Number PA 308834
    Sabatini Law Firm, LLC
    216 N. Blakely St.
    Dunmore, PA 18512
    (570) 341-9000

    John Goolsby
    Bar Number MN 0320201
    Goolsby Law Office, LLC
    2701 University Ave SE, Suite 209
    Minneapolis, MN 55414
    Phone (612) 331-8700


    For Defendant Equifax Information Services, Inc.:

    K. Ann Broussard
    KING & SPALDING LLP
    1180 Peachtree Street, N.E.
    Atlanta, Georgia  30309
    Phone:  (404) 215-5725

    For Defendant Experian Information Solutions, Inc.:

    For Defendant Trans Union, LLC:

Robert J. Schuckit, Esq. (IN #15342-49)
Richard W. Barrett, Esq. (IN #29149-64)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400


For Defendant NRA Group LLC:

**Andrew M. Schwartz**

MARSHALL, DENNHEY, WARNER,
COLEMAN AND GOGGIN
1845 Walnut Street
Philadelphia, PA 19103-4797
Phone:  215-575-2765
Fax: 215-575-0856



DATED:  6/28/2012          s/      Brett Freeman
                           Attorney(s) for Plaintiff(s)
                           ☒ ECF User(s)
                           ☐ Waiver requested (as separate document)
                           ☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
                           Brett Freeman
                           Bar Number PA 308834
                           Sabatini Law Firm, LLC
                           216 N. Blakely St.
                           Dunmore, PA 18512
                           Phone (570) 341-9000
                           Facsimile (570) 504-2769
                           Email bfecf@bankruptcypa.com

                           John Goolsby (Admitted Pro Hac Vice)
                           Bar Number MN 0320201
                           Goolsby Law Office, LLC
                           2701 University Ave SE, Suite 209
                           Minneapolis, MN 55414
                           Phone (612) 331-8700

Email jgoolsby@goolsbylawoffice.com

DATED:  June 27, 2012   s/  *K. Ann Broussard* (Admitted Pro Hac Vice)
Attorney(s) for Defendant(s) Equifax Information**
Services, LLC
K. Ann Broussard
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Phone:  (404) 215-5725
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

John C. McNamara
PA Atty I.D. No. 17875
Christie, Pabarue, Mortensen and Young
A Professional Corporation
1880 JFK Blvd. - 10th Floor
Philadelphia, PA 19103
Phone:  215 587 1663
Fax: 215 587 1699
Email:  jcmcnamara@cpmy.com

DATED:  _____   s/_____
Attorney(s) for Defendant(s) Experian Information**
Solutions, Inc.
☒ ECF User(s)
☐ Waiver requested (as separate document)
☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*
David M. Belczyk
Jones Day
500 Grant Street
Suite 4500
Pittsburgh, PA 15219
412-394-9533
dbelczyk@jonesday.com
(Admitted Pro Hac Vice)

DATED: _____  s/ _____
                        Attorney(s) for Defendant(s) Trans Union LLC**
                        ☒ ECF User(s)
                        ☐ Waiver requested (as separate document)
                        ☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*
                        Robert J. Schuckit, Esq. (IN #15342-49)
                        Richard W. Barrett, Esq. (IN #29149-64)
                        Schuckit & Associates, P.C.
                        4545 Northwestern Drive
                        Zionsville, IN  46077
                        Telephone:  317-363-2400
                        E-Mail:  rschuckit@schuckitlaw.com
                                 rbarrett@schuckitlaw.com

DATED:  June 26, 2012  *s/ Andrew M. Schwartz* / ams79427 _____
                        Attorney(s) for Defendant(s) NRA Group, LLC**

                        Andrew M. Schwartz
                        MARSHALL, DENNHEY, WARNER, COLEMAN AND GOGGIN
                        1845 Walnut Street
                        Philadelphia, PA 19103-4797
                        Phone:  215-575-2765
                        Fax: 215-575-0856
                        Email: amschwartz@mdwcg.com

                        Ronald M. Metcho
                        MARSHALL, DENNHEY, WARNER, COLEMAN AND GOGGIN
                        1845 Walnut Street
                        Philadelphia, PA 19103-4797
                        Phone:  215-575-2595
                        Fax: 215-575-0856
                        Email: rmmetcho@mdwcg.com

                        ☒ ECF User(s)
                        ☐ Waiver requested (as separate document)
                        ☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

\*\* Pursuant to Section 11 of the Electronic Case Filing Policies and Procedures, Counsel will submit a notice of endorsement of this document no later than three business days after this document has been filed.